J-S04005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                              :            PENNSYLVANIA
                              :
                v.                  :
                              :
                              :
DESTINY DENISE DAVIS          :
                              :
               Appellant         :     No. 734 MDA 2018

Appeal from the Judgment of Sentence April 5, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001060-2016,
CP-41-CR-0001665-2014

BEFORE: SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                **FILED MARCH 21, 2019**

      Destiny Denise Davis ("Appellant") appeals from the judgment of sentence entered on April 5, 2018, following a revocation of probation hearing. Additionally, Appellant's counsel has filed a petition seeking to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. Appellant has not filed a response to counsel's petition.[1] After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

---

[1] We note with disapproval that the Commonwealth has not filed an appellee's brief.

---

* Former Justice specially assigned to the Superior Court.

The trial court summarized the history of this case in its opinion to this Court, filed pursuant to Pa.R.A.P. 1925(a). Trial Court Opinion, 8/6/18, at 1–4. For purposes of our review, the following history is relevant:

On January 18, 2018, [Appellant] was again before the court for a probation violation hearing. The court found that [Appellant] violated the conditions of her probation by substantially failing to comply with the requirements of the Re-entry Services Program; continuing to smoke marijuana while she was pregnant, despite numerous warnings; and by failing to comply with the directives of the adult probation officers when she was being taken into custody. [Appellant] acted out and became aggressive, threatening, and confrontational. The court was inclined to impose a state sentence at that time, but delayed sentencing to obtain additional information, including a 60-day diagnostic evaluation, a pre-sentence investigation (PSI) report with her entire supervision history, and a report from the Lycoming County Prison regarding her behaviors and any medical issues.

On March 29, 2018, the court revoked [Appellant's] probation and resentenced [Appellant] to an aggregate sentence of three years' probation, which consisted of one year for identity theft and one year for criminal mischief under case 1060-2016 and one year for simple assault under case 1665-2014. The court noted that it was prepared to impose a state sentence[,] but the court gave [Appellant] another chance due to her young age, dysfunctional history, and she appeared to be doing better in light of the most recent interventions.[1] However, the court warned [Appellant] that she would be "on a short leash." If she chose to smoke marijuana, not attend the Re-entry Services Program, not attend West Branch, mental health or any other treatments, or not do her community service, she was "choosing" to go to state prison.

[1] [Appellant] did not have any misconducts while she was at the state correctional institution for her diagnostic evaluation[,] and she was taking her medications for anxiety and depression.

Unfortunately, [Appellant] chose not to heed the court's warning. Within an hour of [Appellant's return] to the Lycoming County Prison on March 29, 2018, she was involved in an incident with her cellmate. The next day she received a "write-up" for

attempting to have contact with a male inmate in another cell block in violation of the prison rules. She was also not taking her prescribed medications as directed.

On April 5, 2018, [Appellant] was brought before the court for another probation violation hearing. The court found [Appellant] violated the conditions of her probation and imposed an aggregate sentence of 1 ½ to 5 years' incarceration in a state correctional institution, consisting of 6 months to 3 years for identify theft, a consecutive 6 months to 1 year for criminal mischief, and a consecutive 6 months to 1 year for simple assault.

On April 30, 2018, [Appellant] filed a notice of appeal.[2]

*Id.* at 2–4. Appellant and the trial court complied with Pa.R.A.P. 1925.

Counsel presents the following questions on Appellant's behalf:

I. Was the evidence presented at the Probation Revocation Hearing sufficient to establish a particular "special condition" of probation supervision?

II. Did the trial court abuse its discretion when imposing an aggregate resentence of 1 ½ years to 5 years [of] incarceration in a State Correctional Institution?

*Anders* Brief at 6.[3]

Before we address the questions raised on appeal, we must resolve

appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83

_____

[2] We note that Appellant filed a single notice of appeal, which included both Lycoming County Common Pleas Court docket numbers 1060-2016 and 1665-2014. On June 1, 2018, our Supreme Court held that, prospectively, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018). Because Appellant's consolidated notice of appeal in this matter was filed prior to our Supreme Court's June 1, 2018 decision in *Walker*, we need not quash.

[3] A third issue concerns counsel's request to withdraw. *Anders* Brief at 6.

A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a conscientious review of the record and concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the *Anders* brief and the petition to withdraw, as well as a letter, a copy of which is attached to the brief. In the letter, counsel advised Appellant that she could represent herself or that she could retain private counsel to represent her.

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361; *Cartrette*, 83 A.3d at 1032.

Counsel's brief is compliant with *Santiago*. It sets forth the factual and procedural history of this case, outlines pertinent case authority, cites to the record, and refers to issues of arguable merit. *Anders* Brief at 7–17. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. *Id.* at 18–19. Satisfied that counsel has met the technical requirements of *Anders* and *Santiago*, "we now have the responsibility to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Tukhi*, 149 A.3d 881, 886 (Pa. Super. 2016) (citation and internal quotation marks omitted).

The first issue challenges the trial court's finding that Appellant violated her probation and, therefore, would be resentenced. *Anders* Brief at 12. The Sentencing Code permits a court to revoke an order of probation under the following circumstances:

**§ 9771. Modification or revocation of order of probation**

**(a) General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

**(b) Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

**(c) Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

> (1) the defendant has been convicted of another crime; or

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(a)–(c). Whether the probationer, in fact, violated the conditions of his probation must be demonstrated by evidence of probative value. ***Commonwealth v. Sims***, 770 A.2d 346, 349 (Pa. Super. 2001).

The Commonwealth bears a lesser burden of proof at a probation revocation hearing than it does in a criminal trial. ***Commonwealth v. Allshouse***, 969 A.2d 1236, 1241 (Pa. Super. 2009). "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." ***Commonwealth v. Perreault***, 930 A.2d 553, 558 (Pa. Super. 2007). "[A]n implied condition of any sentence of probation is that the defendant will not commit a further offense." ***Commonwealth v. Infante***, 888 A.2d 783, 790 (Pa. 2005).

Here, contrary to Appellant's assertion, the trial court identified three specified conditions that Appellant violated:

[Appellant] also complains that the court never stated what specific condition of probation [Appellant] violated. The court is not aware of any requirement that the court list any or every condition that [Appellant] violated. Nevertheless, [Appellant's] conduct violated Rule 9, Special Condition 3 and Special Condition 5. [Appellant] signed those conditions on October 7, 2016.

Rule 9 states: "I will refrain from any assaultive behavior which threatens or present[s] a clear and present danger to self or others." [Appellant] was involved in an altercation/spitting incident with her cellmate almost immediately after she was returned to the Lycoming County Prison following her probation violation hearing on March 29, 2018. The court specifically stated in its Order dated April 5, 2018, that [Appellant] "violated the conditions of her probation by engaging in behavior at the prison that not only evidence[d] a complete disrespect for the authority of the correctional officers, but also jeopardized the safety of the institution."

Special Condition 3 required [Appellant] to "receive a mental health evaluation as directed by the probation/parole office and successfully complete any recommended treatment." Special Condition 5 required [Appellant] to "comply with all special conditions imposed by the court, above and beyond these rules." SCI Muncy conducted a mental health evaluation as part of the diagnostic evaluation that the court requested before the March 29, 2018, probation violation hearing. As a result of that evaluation, [Appellant] was prescribed medications for anxiety and depression. Throughout the court's orders, the court required [Appellant] to receive mental health evaluations and comply with any treatment recommendations. In the order dated March 29, 2018, which was dictated in [Appellant's] presence, the court specifically warned [Appellant] that if she chose not to comply with her mental health or other treatments, she was choosing to go to state prison. Despite the warning, [Appellant] chose not [to] take her prescribed medications as directed after she returned to the Lycoming County Prison from SCI Muncy, particularly during the first four days of April.

Trial Court Opinion, 8/6/18, at 7–9. Moreover, the trial court explained:

Sometimes the individuals in the criminal justice system are a little like Humpty Dumpty; they are cracked or broken due to substance abuse issues, mental health issues, and/or the trials and tribulations of traumatic events in their lives. The court sends

out "all the king's horses and all the king's men" by providing various programs and services that the county has to offer to try to help these individuals repair the damage these issues have caused in their lives. Unfortunately, there are times when even the best efforts are not enough, and other avenues, such as state prison, must be attempted. The court did not want to send this young mother to state prison. The court attempted to rehabilitate her through numerous probationary sentences. Despite all the efforts of the court, the adult probation officers, individuals at the Re-entry Services Program, and other service providers, such could not be accomplished at the county level. Finally, enough was enough. The court specifically stated in the Order dated April 5, 2018:

> This sentence is necessary to vindicate the authority of the court, to prevent [Appellant] from continuing with the conduct that she has exhibited which will hopefully prevent her from committing further criminal behaviors, and to appropriately address [Appellant's] failure to address these issues which continue to cauase her to recidivate. That the court has tried on a county basis has not worked. The court's leniency has not worked. This court giving [Appellant] other opportunities has not worked. This court can accept some of the blame, and perhaps should have sentenced [Appellant] to state prison long ago.

The court sincerely hopes that a state prison sentence will be able to rehabilitate [Appellant] and help her address her various issues. [Appellant] showed improvement while she was at SCI Muncy for her diagnostic evaluation. The court had hoped that such improvement would continue following her return to the county. It did not, but perhaps it will return now that she is back at SCI Muncy.

*Id.* at 9–10.

Our review of the record confirms that revocation of Appellant's probation was necessary because Appellant violated specified conditions of her probation, her conduct indicates it is likely she will commit another offense if she is not imprisoned, and to vindicate the authority of the court. 42 Pa.C.S.

§ 9771(c)(1–3); N.T., 4/5/18, at 41. Contrary to the trial court's warning in open court and in the April 5, 2018 order, Appellant engaged in assaultive behavior, failed to take her mental health medications, violated prison rules, and disrespected the authority of the court. N.T., 4/5/18, at 6–25, 36–39. Thus, the Commonwealth showed, "by a preponderance of the evidence, that [Appellant's] conduct violated the terms and conditions of [her] probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." **Perreault**, 930 A.2d at 558. Thus, we discern no abuse of the trial court's discretion in finding that Appellant violated her probation.

The second issue presented challenges the discretionary aspects of Appellant's sentence.[4] **Anders** Brief at 16. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

---

[4] In **Cartrette**, 83 A.3d at 1034, this Court held that our "scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." Thus, there is no impediment to our review.

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Pa.R.Crim.P. 708 provides that a motion to modify sentence must be filed within ten days of the imposition of sentence following the revocation of probation. Pa.R.Crim.P. 708(D). As the comment to Rule 708 explains:

[i]ssues properly preserved at the sentencing proceeding need not, but may, be raised again in a motion to modify sentence in order to preserve them for appeal. In deciding whether to move to modify sentence, counsel must carefully consider whether the record created at the sentencing proceeding is adequate for appellate review of the issues, or the issues may be waived.

Pa.R.Crim.P. 708 cmt. Thus, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Moury*, 992 A.2d at 170 (citing *Commonwealth v. Mann*, 820 A.2d 788 (Pa. Super. 2003)); *see also Cartrette*, 83 A.3d 1042 ("[I]ssues challenging the discretionary aspects of a sentence following the revocation of probation must be raised in a post-sentence motion or by presenting the claim to the trial court during the

- 10 -

sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

Herein, two of the first three requirements of the four-part test are met: Appellant brought a timely appeal and included in her appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). **Anders** Brief at 10. However, Appellant did not preserve this issue at the resentencing proceeding or by filing a post-sentence motion. Thus, it is waived. **Moury**, 992 A.2d at 170; **Cartrette**, 83 A.3d 1042.

Even if we were to determine that Appellant's claim were not waived, we would find no merit to the underlying allegation.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment— a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

**Commonwealth v. Simmons**, 56 A.3d 1280, 1283–1284 (Pa. Super. 2012).

> While parts of [Section 9721(b) of the Pennsylvania Sentencing Code[5]] do not govern revocation proceedings, as our sentencing guidelines are not required to be consulted in such instances, **see** 204 Pa.Code. § 303.1(b), other provisions of that section do apply. For example, the sentencing court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and

---

[5] 42 Pa.C.S. §§ 9701–9799.75.

> on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). In addition, in all cases where the court "resentences an offender following revocation of probation. . ., the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Failure to comply with these provisions "shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Id.*

*Cartrette*, 83 A.3d at 1040–1041. Following the revocation of probation, the trial court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the court's consideration of the facts of the crime and character of the offender. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).

In this case, our review of the record indicates that Appellant has failed to establish that the trial court ignored or misapplied the law, exercised his judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Simmons*, 56 A.3d at 1283–1284. Thus, we would conclude that the trial court did not abuse its discretion in sentencing Appellant. Moreover, we would affirm the trial court's decision based on its well-reasoned opinion. Trial Court Opinion, 8/6/18, at 4–10.

Finally, we have independently reviewed the record in order to determine if counsel's assessment about the frivolous nature of the present appeal is correct. *Tukhi*, 149 A.3d at 886; *see also Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (after determining that counsel has satisfied the technical requirements of *Anders and Santiago*, this Court must conduct an independent review of the record to determine if

there are additional, non-frivolous issues overlooked by counsel). After review of the issues raised by counsel and our independent review of the record, we conclude that an appeal in this matter is frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/21/2019